406 So.2d 823 (1981)
Samuel Louis HARRIS
v.
STATE of Mississippi.
No. 53116.
Supreme Court of Mississippi.
December 9, 1981.
Halat & Pisarich, Peter Halat, Biloxi, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and LEE, JJ.
LEE, Justice for the Court:
Samuel Louis Harris was indicted in the Circuit Court of Harrison County for robbery by assault. A motion for change of venue was sustained, he was tried and convicted in the Circuit Court of the First Judicial District, Hinds County, Honorable J. Ruble Griffin presiding,[1] and was sentenced under the habitual criminal statute to serve life without benefit of parole with the Mississippi Department of Corrections. He appeals from that judgment to this Court.
The only error assigned on the appeal is whether or not the lower court erred in overruling appellant's motion for a mistrial based upon the selection of the jury panels.
When the prospective jurors were brought into court for empaneling juries, each one filled out an information card which was received by the court administrator. The names of those persons excused were removed from the information cards, Mrs. Sharon Haley, secretary of the court administrator, shuffled the cards, arranged *824 them in groups, and designated twelve names each as Juries 1, 2 and 3. Mrs. Haley testified the circuit judge had directed her to use such method and that it was not the court's practice to draw those names from a wheel or from a box at random.
The case was called for trial and appellant's counsel moved to quash the jury panel on the ground that the jury selection process was in violation of the statute. The trial judge found that the method was fair and impartial and overruled the motion.
Mississippi Code Annotated section 13-5-26 (Supp. 1981), sets out the following method of selecting jury panels:
(1) The circuit clerk shall maintain a jury box and shall place therein the names or identifying numbers of all prospective jurors drawn from the jury wheel.
(2) A judge or any court or any other state or county official having authority to conduct a trial or hearing with a jury within the county may direct the circuit clerk to draw and assign to that court or official the number of jurors he deems necessary for one or more jury panels or as required by law for a grand jury. Upon receipt of the direction, and in a manner prescribed by the court, the circuit clerk shall publicly draw at random from the jury box the number of jurors specified. The jurors drawn for jury service shall be assigned at random by the clerk to each jury panel in a manner prescribed by the court.
The laws providing for listing, drawing, summoning and empaneling juries are directory and absent a showing of prejudice, bias or fraud, the panel will not be quashed. Miss. Code Ann. § 13-5-87 (1972). However, in the case sub judice the juries were empaneled by the court administrator's secretary, while Mississippi Code Annotated section 13-5-26 (Supp. 1981) specifically provides that the circuit clerk shall publicly draw jurors at random and shall assign them at random to each jury panel. The record does not reflect that either the court administrator, or his secretary, had been designated as a deputy clerk.
Many circuit court judges in the state direct the clerk to assign jurors at random by publicly drawing their names in open court from a receptacle. We do not limit the procedure to use, but call circuit judges' attention to Mississippi Code Annotated section 13-5-26 (Supp. 1981) which requires that the jurors be drawn and assigned to the juries at random by the clerk upon direction of the circuit judge. Conceivably, there could be cases in the future which may require reversal for failure to follow the statute, even though it is directory. We recognize that trial courts have the authority and power to follow their procedures for expediting business of the court and that the courts' direction in selecting juries ordinarily is within the sound discretion of the trial judge, but the jury selection method should be followed as set forth in the statute. Peters v. State, 314 So.2d 724 (Miss. 1975).
The record here does not indicate prejudice to the appellant, nor is any asserted by him, and we hold that there was no reversible error in empaneling the juries. Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] The petit juries were empaneled by a circuit judge for Hinds County.