537 So.2d 891 (1989)
James ADAMS
v.
STATE of Mississippi.
No. 58253.
Supreme Court of Mississippi.
January 25, 1989.
*892 Kenneth J. Rose and Dennis C. Sweet, Jackson, for appellant.
Mike Moore, Atty. Gen. by Deirdre D. McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.

I.
ROBERTSON, Justice, for the Court:
This appeal of an armed robbery conviction finds a deputy circuit clerk acting in fundamental disregard of our law regarding eligibility for jury service. Indeed, the clerk took it upon himself to purge from the list of jurors drawn for appellant's trial a substantial number of persons wholly eligible in law to serve. That such persons may have enjoyed a personal privilege to be free to jury duty if they wished to claim it does not give the clerk authority to act unilaterally and ex cathedra to exclude them.
We reverse and remand.

II.
On November 18, 1981, John Henry Mulvihill answered a knock on his door and was robbed by a gun-wielding assailant. Repeated attempts by the authorities to locate the major suspect in the case, James Adams, proved fruitless. Nearly four years later, in August of 1985, the sheriff obtained a photograph of Adams, and Mulvihill identified this photograph as that of the man who robbed him.
On December 10, 1985, James Adams was indicted by a Carroll County Grand Jury on a charge of armed robbery. After being extradited from the state of New Jersey, Adams was tried on January 22, 1987. The jury returned a verdict of guilty and Adams was sentenced to serve a term of ten (10) years imprisonment.
Adams now appeals his conviction and sentence.

III.
Our outcome determinative question concerns the actions of the Deputy Circuit Clerk in striking persons from the jury venire, first, without obtaining authority of the court and, second, without notifying these individuals that their names had been drawn for jury duty or requiring that these persons claim their statutory privilege to be exempt from jury service. Our focus is upon prospective jurors over sixty-five years of age and those who may have served similarly within the preceding two years. Miss. Code Ann. § 13-5-25 (Supp. 1988).
Prior to trial, Adams filed a Motion to Strike Jury Venire. In the motion he recited that, by order dated January 12, 1987, the Circuit Court had directed that seventy names be drawn from the jury box. In fact, ninety-one names were drawn, but prior to the delivery of a jury summons list to the office of the Sheriff of Carroll County, the Deputy Circuit Clerk handling jury selection duties unilaterally struck twenty-nine names. The Court overruled this motion to strike.
The point was renewed on Adams' post-trial motion for a new trial. At that time, Ralph Self, acting in his capacity as Deputy Circuit Clerk of Carroll County,[1] described *893 the way the original jury list of ninety-one persons was handled. Self's testimony, in relevant part, was as follows:
Q. Now, at this point, with the Judge's permission, I would like to show you a copy of the summons list in James Adams' case that is contained in the file of this cause. Do you recognize that list?
A. Yes, sir.
Q. Would you describe what that is, please?
A. This is the venire facias I issued for this case.
Q. Mr. Self, you notice that some of the names on that list have scratches by them, do they not?
A. Yes, sir.
Q. Can you explain that, please?
A. Some of those people are people who were deceased, moved away, or over sixty-five  you know, the Sheriff's not able to locate  or, you know, for medical reasons.
Q. Can you describe the process of how those names get scratched off that list? Is it done by you or the judge or the Sheriff?
A. I do it. I scratch them off.
Q. Are some of those people that are scratched off that list people who have served previously?
A. Yes, sir. Who they are and how many, I don't know, but some of them are.
Q. You're aware that some of them have served previously?
A. Yes, sir.
Both federal and state constitutions secure to persons the right to be tried before a fair and impartial jury. Selection of a jury from a representative cross-section of the community is an essential component of that right. Taylor v. Louisiana, 419 U.S. 522, 528, 95 S.Ct. 692, 697, 42 L.Ed.2d 690, 697 (1975).
Recent revisions of our statutory framework for jury selection reflect a similar theme. In 1974 our legislature adopted a new statement of policy
that all persons selected for jury service be selected at random from a fair cross section of the population of the area served by the court, and that all qualified citizens have the opportunity in accordance with this chapter to be considered for jury service in this state and an obligation to serve as jurors when summoned for that purpose. A citizen shall not be excluded from jury service in this state on account of race, color, religion, sex, national origin, or economic status.
See Miss. Laws, ch. 378, § 1 (1974), now codified as Miss. Code Ann. § 13-5-2 (Supp. 1988).
The particular objection here is that the deputy circuit clerk, acting unilaterally, proceeded to strike from the jury list all persons over sixty-five years of age and all persons who had served on a jury in Carroll County within the preceding two years. Our law has long exempted such persons from jury service. See Miss. Code Ann. § 13-5-25 (1972) which formerly read:
Every citizen over sixty-five (65) years of age, and everyone who has served on the regular panel as a jury in the actual trial of one or more litigated cases within two years, shall be exempt from service, if he claims the privilege.
In the face of repeated opinions from this Court to the effect that our jury selection laws were directory and not mandatory, see, e.g., Rhone v. State, 254 So.2d 750, 752 (Miss. 1971), the legislature in 1976 amended Section 13-5-25 "to clarify the personal privilege for exemption of a juror who has served within two years; and for related purposes." Miss. Laws, ch. 464 (1976). This amendment added to Section 13-5-25 a sentence which reads:
No qualified juror shall be excluded because of any such reasons [being over sixty-five or having served on a jury within two years], but the same shall be a personal privilege to be claimed by any person selected for jury duty.
The statute makes clear that neither the circuit court  and certainly not the deputy circuit clerk  have authority to act unilaterally *894 and strike from the jury list persons over sixty-five and who have served within the past two years.[2] Such persons are eligible for jury service and have every lawful right and authority to serve if called and selected. When their names are drawn, such persons must be summoned the same as other prospective jurors. Even then no one has authority to exempt any such juror from service unless he or she claims the privilege and asks to be excused.
To be sure, one may find among our recent cases continued general observation that our jury selection laws are directory and not mandatory. See Pulliam v. State, 515 So.2d 945, 948 (Miss. 1987); Ratliff v. State, 515 So.2d 877, 880 (Miss. 1987); and Griffin v. State, 494 So.2d 376, 379 (Miss. 1986); see also Miss. Code Ann. § 13-5-87 (1972). But even when saying such, we have warned that
there could be cases in the future which may require reversal for failure to follow the statute, even though it is directory.
Harris v. State, 406 So.2d 823, 824 (Miss. 1981). Today's is such a case.
On quite similar facts, the Supreme Court of Louisiana reversed a criminal conviction, stating:
[C]ertain persons qualified to serve on juries are never given an opportunity to serve because the jury commissioners exclude their names from the general venire on the basis that they fall under exemption set out by the rule, a rule which allows them, if they choose, to serve notwithstanding the claimable exemption. This exclusion clearly contravenes the letter and spirit of the law. It means that the general venire is not selected impartially, as our constitution and statutes require ...
State v. Procell, 332 So.2d 814, 817 (La. 1976). More recently, that court re-affirmed its holding in Procell, noting that "the possibility for discrimination is very evident under this system, where the selection of the venire is controlled by one person who uses ill-defined and subjective criteria." State v. Jacko, 444 So.2d 1185, 1188 (La. 1984). To the same effect is Penelton v. State, 277 Ark. 225, 640 S.W.2d 795, 796 (1982).
Our recent decision in Avery v. State, (Miss.No. 58022, dec. Nov. 2, 1988) (petition for rehearing pending on other grounds) (not yet reported), is not to the contrary. In Avery, the deputy sheriffs who served the jury summons engaged in a practice of advising individuals they thought entitled to claim exemption of that right. In Avery, the prospective jurors excused, in fact, exercised their claims of privilege as required by Section 13-5-25. The circuit judge had stated for the record that he allowed this practice to occur. And, in response to the argument that the statutes are merely directory, the Avery court replied
While that is a true statement, courts must make every reasonable effort to comply with the statutory method of drawing, selecting and serving jurors. The jury system must remain untainted and beyond suspicion.
Avery, slip op. at 5. While we did not reverse in Avery, we were less than complimentary of the practice,[3] stating
We think that trial judges should require affidavits as to age and sickness and incapacity to be filed with the circuit clerk and brought to the attention of the judge, ... .
In the case at bar, the Circuit Clerk acted unilaterally. The individuals who were on the original jury list who were over sixty-five years of age and who had served on a jury within the preceding two years, were never summoned and were never advised that their names were on the jury list. Most important, the Clerk acted without these individuals personally claiming their exemption.
We repeat that the language of the statute could not be clearer. It provides that a *895 person over sixty-five or who may have served on a jury within the past two years shall be exempt "if he claims the privilege." Such persons are eligible for jury service and are not to be exempt unless they exercise their statutory privilege and personally claim exemption. It may well be that this Court in the past has sanctioned rather considerable deviation from our law's directives regarding jury composition, but we have never condoned a venire selection process completely contrary to them wherein the clerk did that which the law expressly prohibits. This is not a case of substantial compliance or minor deviation. The practice described by Deputy Circuit Clerk Self is completely contrary to law. As such, we are of the opinion that error occurred at the trial level, which was brought to the attention of the trial court both before and after the trial. This being sufficient to require that the judgment of conviction and sentence be reversed, we need not address the other points Adams raises on this appeal.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., dissents.
PITTMAN, J., not participating.
NOTES
[1] Ralph Self is the elected Chancery Clerk of Carroll County. He also serves as Deputy Circuit Clerk and, as such, has custody and control of all civil and criminal court records in the First Judicial District of Carroll County.
[2] Our legislature was eminently wise in taking this action, for it is within this Court's past and present experience that persons over sixty-five may render quite valuable service to our law.
[3] Avery arose in the Circuit Court of Webster County, which, like Carroll County, lies within the Fifth Circuit Court District. Miss. Code Ann. § 9-7-19 (Supp. 1988).