STATEMENT OF THE CASE
The appellant, Randy J. Avery, was tried in the Circuit Court of Webster County, Mississippi, on a charge of selling more than one (1) ounce, but less than one (1) kilogram, of marijuana in violation of M.C.A. § 41-29-139(a)(1), (b)(2) (Supp. 1984). Avery was convicted and sentenced to six (6) years in the custody of the Mississippi Department of Corrections, two years of the sentence to be served concurrently with Avery's sentence for another conviction, and four years to be served consecutively to the other sentence. Avery was also ordered to pay a fine of $5,000. From this conviction and sentence, Avery appeals.
 STATEMENT OF THE FACTS
On January 22, 1985, Ken Coleman, an agent of the Mississippi Bureau of Narcotics,[1] went to the home of Jesse Williams, a confidential informant for the Bureau, to make an undercover purchase of marijuana from the appellant, Randy Avery. Williams and Avery had been close friends for several years; however, Williams, who claimed that he wanted to do something about the drug problem in Webster County, had agreed earlier in January to try to persuade Avery to purchase some marijuana for a "friend" of Williams who would soon be coming through Webster County. That "friend," of course, was Agent Coleman.
When Coleman arrived at Williams' house at about 6:30 p.m., only Williams was there. About 20 minutes later Avery arrived *Page 386 
with a zip-top bank bag in which was a plastic bag containing approximately a quarter-pound of marijuana. According to Agent Coleman, he took the marijuana and gave Avery $275 (taken from State funds) in payment therefor. Coleman then took the marijuana and left.
About two months later, on March 19, 1985, Avery was arrested in Webster County and charged with several drug-related felony offenses. On May 6, 1985, Avery was indicted by the Webster County Grand Jury on a charge of selling more than one ounce, but less than one kilogram, of marijuana to Agent Coleman on January 22, 1985.
In November of 1985, Avery was tried on a separate charge — that of selling more than one ounce of marijuana to State Narcotics Agent Coleman on February 27, 1985, about a month after the charge in the instant case. That trial ended in a mistrial. At his second trial on that charge in May of 1986, Avery was convicted and sentenced to five years in the custody of the Mississippi Department of Corrections. This Court affirmed Avery's conviction and sentence on that charge in Avery v.State, No. 58022, slip op. (Miss. November 2, 1988) (available on Westlaw No. 116969).
After several continuances, trial was called in the instant case on February 27, 1987. A jury found Avery guilty of selling more than one ounce of marijuana to Ken Coleman on January 22, 1985. Avery's motion for a new trial or, alternatively, for judgment notwithstanding the verdict, was overruled on March 16, 1987. Avery was sentenced to six years in the custody of the Mississippi Department of Corrections, two years of the sentence to be served concurrently with Avery's sentence for the previous conviction, and four years to be served consecutively
to the other sentence. Avery was also ordered to pay a fine of $5,000.
From this conviction and sentence, Avery appeals, assigning three errors in the proceedings below. Only one of these assignments requires discussion.
DID THE TRIAL COURT ERR IN REFUSING TO GRANT THE APPELLANT AN INSTRUCTION ON ENTRAPMENT?
Avery's counsel advised the jury during voir dire that Avery intended to present a defense of entrapment. Counsel then attempted to voir dire the jury on the entrapment offense, but the trial judge would not allow him to do so.
Throughout the trial, Avery attempted to establish a defense of entrapment. In cross-examining State Narcotics Agent Ken Coleman about the confidential informant Jesse Williams, Avery's counsel asked: "And you don't know what was hanging over [the informant's] head or how you could get him to go about trying to get some [marijuana] for you?" The State's attorney objected to this line of questioning and the court sustained the objection. When defense counsel asked the trial judge on what grounds the objection was being sustained, the judge responded: "I believe it's a collateral issue."
Defense counsel also attempted to elicit from Agent Coleman the number of times his confidential informant had contacted Avery before Avery agreed to get the marijuana for him, but the trial judge sustained the State's objection to this line of questioning. The trial judge also refused to allow Avery's counsel to question Coleman as to whether the confidential informant regularly smoked marijuana in front of Agent Coleman.
Avery contends that he was erroneously prevented from cross-examining Agent Coleman and confidential informant Jesse Williams on matters that were relevant to his defense of entrapment. He argues, however, that his own testimony alone clearly established a viable entrapment defense.
Avery testified that he and Williams had been extremely close friends for several years. He and Williams visited in each other's homes two or three times a week. Avery and his wife often went with Williams on outings to the lake, and went to parties and dances together. *Page 387 
According to Avery, Williams called him 15 or 20 times trying to persuade him to get Williams some marijuana from a source in Louisville. Avery testified that Williams told him that the reason he (Williams) could not get marijuana from the Louisville source was that he owed the source money. Also, Williams knew that Avery went through Louisville every Tuesday on his sewing machine route, and said to Avery: "Well, you go through there all time." According to Avery, he finally told Williams that he would get the marijuana for him. In contradiction to Agent Coleman's testimony, Avery testified that he was given the money for the marijuana before he went to Louisville to make the purchase. Avery also testified that he made no profit from the drug transaction.
Avery contends that he was entitled to an instruction on the defense of entrapment under Phillips v. State, 493 So.2d 350
(Miss. 1986). In Phillips, we stated:
 Our familiar rule, of course, provides that whether an issue should be submitted to the jury is determined by whether there is evidence which, if believed by the jury, could result in resolution of the issue in favor of the party requesting the instruction. Conversely, only where the evidence is so one-sided that no reasonable juror could find for the requesting party on the issue at hand may the trial court deny an instruction on a material issue.
Id. at 353-54. In Phillips, we explained the defense of entrapment as follows:
 The word "entrapment," as a defense, has come to mean the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him in its commission and prosecuting him for the offense.
(quoting McLemore v. State, 241 Miss. 664, 675, 125 So.2d 86, 91 (1960).
 Where, however, the attempt to commit the crime already existed in the mind of the accused so that the inducement merely served to give him an opportunity to commit that to which he was already disposed, the entrapment defense does not lie.
Phillips at 354.
In King v. State, 530 So.2d 1356 (Miss. 1988), we again stated that the question of whether the entrapment defense should be submitted to the jury depends upon whether there is credible evidence in the record supporting such a defense. In King, the appellant went to the home of the state's confidential informant, where he met the informant and an undercover state narcotics agent whom the informant introduced as "a friend from Oklahoma." King gave the agent approximately half a pound of marijuana in exchange for $500. (King offered the agent half a pound for $600, but because the agent had only $500, King gave him the half-pound less a handful for $500.)
King claimed that he was entrapped, in that the informant had been "bugging" him for months to sell her marijuana and he finally gave in to her demands. King testified that he had bought the marijuana sometime earlier for his own consumption. He stated that he had paid $500 for the marijuana and would have made $100 profit from the sale, had the agent taken the full half-pound. King stated, however, that he had never sold marijuana before, and that he had no predisposition to sell. King's request for a jury instruction on the entrapment defense was refused by the trial court.
On appeal, we held that the trial court's refusal to grant an instruction on the entrapment defense was reversible error. Justice Robertson, writing for the Court, stated the following:
 Our question then is whether there was sufficient evidence in the record that a rational jury might have found for King on the entrapment issue.
 * * * * * *
 King's testimony is quite unequivocal that he would never have sold marijuana had it not been for the constant importuning of the Bureau of Narcotics' confidential informant Joyce Clouse. If believed, King's evidence established that before November 14, 1985, he had no *Page 388 
predisposition to commit the crime of sale of marijuana. Given the evidence in the record, we cannot say that a jury would have been irrational had it so found. Indeed, our procedural context requires that King's testimony "be taken as true." Phillips v. State, 493 So.2d 350, 355 (Miss. 1986).
 The State's brief emphasizes evidence before the Circuit Court that King was "predisposed" and was not entrapped. No doubt there is such evidence, but that is of no moment. King is not here arguing that the evidence is legally insufficient to support a verdict against him, only that he was denied the right to have the jury pass on his sole defense. Put otherwise, that the record contains evidence adequate to undergird a jury's rejection of an entrapment defense is wholly irrelevant to the question whether the accused was entitled to have the issue submitted via an entrapment instruction. See Lee v. State, 469 So.2d [1225], 1229-32 (Miss. 1985).
Id. at 1359-60 (Emphasis added).
In Moore v. State, 534 So.2d 557 (Miss. 1988) (plurality opinion), we stated:
 Where the defendant claims entrapment, we inquire first whether the offense was induced by a government agent, and second, whether the defendant was predisposed to commit the type of offense charged. . . .
 Predisposition and state inducement are essentially questions of fact. An entrapment defense will generally present matters to be submitted to the jury on proper instructions.
Id. at 559. (Emphasis added) And in Robinson v. State,508 So.2d 1067 (Miss. 1987), we held:
 The affirmative defense of entrapment is a question of fact to be decided by the jury if, as here, there is no entrapment as a matter of law.
Id. at 1069. Accord Turner v. State, 415 So.2d 689, 693 (Miss. 1982). But see Ervin v. State, 431 So.2d 130, 134 (Miss. 1983); Tribbett v. State, 394 So.2d 878, 882 (Miss. 1981);Alston v. State, 258 So.2d 436, 438 (Miss. 1972).
We hold that, in the instant case, the appellant Avery made a prima facie case of entrapment, and it was reversible error for the trial court to deny Avery an instruction on the entrapment defense.
Furthermore, the trial court erred in restricting Avery in the development of his entrapment defense. On numerous occasions, Avery sought to question Coleman and Williams on matters that concerned either their credibility, bias, or their interest in persuading Avery to engage in an illegal drug transaction. The trial judge repeatedly sustained the State's objection to this line of questioning on the grounds that the questions concerned irrelevant or collateral matters.
In Pulliam v. State, 515 So.2d 945 (Miss. 1987), we stated:
 Relevance is the key issue when a witness has been cross-examined as to interest, bias, or prejudice, and wide latitude should be allowed. Sanders v. State, 352 So.2d 822 (Miss. 1977). It is beyond question that if there are doubts as to the relevancy of an inquiry into credibility, interest, bias, or motive, those doubts should be resolved in favor of admissibility.
Pulliam at 947.
Because the trial court restricted Avery in developing his entrapment defense, and also denied him an instruction on that defense, we reverse Avery's conviction and sentence. Accordingly, the Webster County Circuit Court's order, dated March 16, 1987, denying Avery's motion for a new trial is reversed and vacated and this case is remanded to the Circuit Court of Webster County, Mississippi, for a new trial or such other disposition not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
[1] Coleman was not a regular employee of the Mississippi Bureau of Narcotics; he was a "contract agent," and was paid on a monthly basis. Coleman's contract with the Bureau of Narcotics was terminated in June of 1985. *Page 389