971 So.2d 649 (2007)
Ricky FORRESTER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-00748-COA.
Court of Appeals of Mississippi.
December 11, 2007.
*650 Jeffrey J. Hosford, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. On January 13, 2006, a jury in the Clay County Circuit Court convicted Ricky Forrester of selling cocaine. Forrester was sentenced to serve eighteen years in the custody of the Mississippi Department of Corrections with five years post-release supervision and ordered to pay a $5,000 fine as well as complete a drug rehabilitation program. Forrester then filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. On March 31, 2006, the trial court denied Forrester's motion. Forrester now appeals asserting one issue, namely that the trial court erred by failing to grant jury instructions D-6 and D-7 as to the defense of entrapment.

FACTS
¶ 2. In January 2005, Brenda Weaver, a known cocaine addict, was serving as a confidential informant for the Tri-County Narcotics Task Force. Weaver's job as a confidential informant was to use the telephone in a particular motel room to make drug deals and have the drugs delivered to the motel room. Video cameras were set up in the motel room and Task Force agents monitored the audio from a distance. On January 5, 2005, Weaver called Forrester and asked him to bring her a twenty dollar rock of crack cocaine. Forrester, an admitted drug user, was intimately involved with Weaver at the time. Forrester arrived at the motel room and gave Weaver the cocaine in return for twenty dollars. Forrester admitted that he and Weaver used drugs together approximately once or twice per week. Forrester stated that it was common for one of them to get the drugs and then they would share.
¶ 3. After Forrester exited the motel room, Agent Terry Scott, a member of the Tri-County Narcotics Task Force, took custody of the rock of crack cocaine. Agent Scott testified that Weaver conducted several other transactions that day as well as another transaction the next day involving Forrester. Upon leaving the motel room the second day, Forrester was arrested by Task Force agents. Forrester was acquitted of the second sale charge.

DISCUSSION
I. DID THE TRIAL COURT ERR BY FAILING TO GRANT JURY INSTRUCTIONS D-6 AND D-7 AS TO THE DEFENSE OF ENTRAPMENT?
¶ 4. In his only issue on appeal, Forrester argues that he was entitled to submit an entrapment instruction to the jury. Forrester claims that he was entrapped because he was induced into committing a crime that he would not normally have committed. "Whether the entrapment defense should be submitted to the jury depends upon whether there is credible evidence in the record supporting such a defense. Our question then is whether there was sufficient evidence in the record that a rational jury might have found for *651 [the appellant] on the entrapment issue." Walls v. State, 672 So.2d 1227, 1230 (Miss. 1996) (quoting Avery v. State, 548 So.2d 385, 387 (Miss.1989)). Standard entrapment occurs "when an innocent person with no prior criminal inclination is induced through persistent entreaties by undercover law enforcement agents to commit an offense." Ealy v. State, 757 So.2d 1053, 1056(¶ 7) (Miss.Ct.App.2000). Once the defendant produces evidence that he was induced by a government agent to commit the criminal act and that he did not have a predisposition to commit the criminal act, the burden shifts to the prosecution to produce evidence of predisposition and the defendant is entitled to a jury instruction on entrapment. Walls, 672 So.2d at 1230. Furthermore, Forrester is not excused from buying or selling cocaine simply because Weaver asked him to do so. Ealy, 757 So.2d at 1057(¶ 11); Tribbett v. State, 394 So.2d 878, 882 (Miss.1981). "Entrapment instructions are not necessary where a defendant was merely asked to sell the substance and he was caught." Robinson v. State, 784 So.2d 966, 970(¶ 7) (Miss.Ct.App.2000).
¶ 5. Forrester argues that the evidence shows he was not predisposed to commit the crime prior to the inducement by law enforcement. However, we find that the record reflects otherwise. Forrester admitted that he had sold marijuana twenty-three years ago. Forrester admitted that he began using cocaine approximately six years prior to trial. Forrester admitted that he was the supplier when he and another unnamed friend frequently used drugs together. Forrester testified that no one forced him to purchase the cocaine and bring it to Weaver's motel room. Forrester admitted that he and Weaver used drugs together once or twice a week and it was common for one of them to buy the drugs. The record reflects that Weaver only called Forrester once on January 5th to ask him to bring her cocaine. Forrester admitted that he was willing to do what Weaver requested. Agent Scott testified that Forrester was not specifically targeted, rather Weaver was instructed to contact anyone she knew who sold drugs.
¶ 6. From Forrester's own testimony, we fail to see how a rational jury could find he was "induced through persistent entreaties" by law enforcement officials to commit the offense. We find that the trial court properly refused Forrester's entrapment instructions.
¶ 7. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS OF POST-RELEASE SUPERVISION AND PAY A $5,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.