KITCHENS, Justice,
Specially Concurring:
¶ 34. While I agree with the result reached by the majority, I write separately to express additional concerns regarding the qualification of expert witnesses and the conflicts in our law regarding the practice of excludingfexempting from juries those who have served within the preceding two years.

Qualification of Experts

¶ 35. Given the equivocal and inarticulate manner in which defense counsel sought, outside the jury’s presence, to prevent Dr. Steven Hayne’s testifying as an expert witness, it cannot be said that the trial judge was in error for not having sustained the extremely inartful objection, even though the judge apparently based his ruling on an understanding that this Court, in an entirely different and unrelated case, “... has ruled that Dr. Hayne is perfectly qualified to testify as a pathologist.” While it is true that this Court did make such an observation in one case, that should not be taken as eternal, no-nexpiring judicial anointment of Dr. Hayne as an expert pathologist for all of time and in every case in which he might thereafter be tendered to offer expert testimony in accordance with Mississippi Rule of Evidence 702. “[I]t would be absurd to conclude that one can become an expert simply by accumulating experience in testifying.” Thomas J. Kline, Inc. v. Lorillard, Inc., 878 F.2d 791, 800 (4th Cir. 1989). See also Tokio Marine & Fire Ins. Co. v. Grove Mfg. Co., 958 F.2d 1169, 1175 n. 3 (1st Cir.1992) (extensive experience as an expert witness “is not an automatic qualification guaranteeing admission of expert testimony”).
¶ 36. Notwithstanding this Court’s recognition of Dr. Hayne’s qualifications as an expert as they appeared in the record before this Court in Edmonds v. State, 955 So.2d 787 (Miss.2007), this witness was not thereby awarded lifetime certification as an expert in the field of pathology, or in the subspecialty of forensic pathology. Rather, each and every time that he is *307 tendered as an expert, his credentials must be proven anew, if not stipulated by all parties, and the party or parties adverse to the litigant sponsoring Dr. Hayne, and any other proposed expert tendered by a litigant, must be given the opportunity to voir dire (in this context, cross-examine) him on his proffered qualifications as presented through the direct examination by the sponsoring party. This in-court process must have been completed before the trial judge renders a decision, in the presence of the jury, on the question of whether the witness may testify as an expert.
¶ 37. In this case, the State called Dr. Hayne to the witness stand and, after he had been sworn, the prosecutor proceeded to question him at length, in the presence of the jury, concerning his medical education and licensure, his professional affiliations, an explanation of pathology and its branches, and his experience in the field of pathology. In short, the attorney for the State conducted a rather standard examination of Dr. Hayne about his qualifications; and, although the prosecutor stopped short of actually tendering the witness as an expert in anything at all, no defense objection occurred, and the following exchange ensued between defense counsel and the trial judge:
THE COURT: Counsel, excuse me just one moment. You’ve tendered as an expert. [4] If is, do you have questions of voir dire ? [5]
MR. SHELTON: [6] No, Your Honor. It’s my understanding that the Court has already ruled on that.
THE COURT: All right. Very well. MR. FARRIS: [7] That’s exactly what I was functioning on.
THE COURT: You may proceed to question him as an expert. [8]
(Emphasis added.)
¶ 38. Although the State neglected to tender Dr. Hayne as an expert in any field, the trial judge seemed to recognize from the contextual circumstances that this was what the prosecutor had meant to do, as evidenced by the judge’s statement, apparently to the prosecutor, “[y]ou’ve tendered as an expert.” Then, the judge correctly offered defense counsel an opportunity to examine, or voir dire, Dr. Hayne, in the jury’s presence. At that point, the witness had not been asked about anything other than his qualifications in the medical specialty of pathology; so, it was clear that the trial judge was affording defense counsel his client’s right to question Dr. Hayne in that regard, the very thing about which counsel had awkwardly attempted to object a short time earlier.[9] However, either for want of understanding, or for some other unfathomable reason, counsel chose not to question Dr. Hayne about his qualifications. Moreover, he did not object to Dr. Hayne’s testifying as an expert pathologist when he had not been explicitly tendered by the State or accepted by the court as an expert in that field. It is elementary that defense counsel effectively *308 waived his client’s right to voir dire Dr. Hayne on his qualifications as an expert in the field of pathology; and, similarly, he waived objection to the lack of the trial court’s formal acceptance of Dr. Hayne as an expert in any particular field. M.R.E. 103(a).

Prior Jury Service as an Exemption

¶39. The majority rightly recognizes the case law which clearly holds that a potential juror who has served on a jury within the past two years is not automatically exempt. Maj. Op. ¶ 30 (citing Spires v. State, 10 So.3d 477 (Miss.2009)) (quoting Adams v. State, 537 So.2d 891, 894 (Miss. 1989)). These cases rely on the plain language of Mississippi Code Section 13-5-25 (Supp.2009) that “everyone who has served as a grand juror or as a petit juror in the trial of a litigated case within two (2) years, shall be exempt from service if the juror claims the privilege.” (Emphasis added.)
¶40. Equally plain, however, is the mandatory language of Mississippi Code Section 13-5-1 (Rev.2002) that “no juror shall serve on any jury who has served as such for the last preceding two years.” In a footnote, the Spires opinion stated that “[t]his language applies only to the outdated practice of using tales jurors for circuit court juries.” Spires, 10 So.3d at 482 n. 4. I respectfully do not share the same understanding of Section 13-5-1, and, like the trial judge in the present case, read Section 13-5-1 automatically to disqualify venire members for such prior jury service. He and I are not alone. As one practitioner recently noted:
A[n] interesting item exists in the scheme enacted by the Legislature regarding jury selection. Potential jurors who have actually served in a completed jury trial are not qualified to serve on a jury within two years. In addition, they also have an exemption that they may claim when called to serve within two years of their last jury trial. These two situations appear mutually incompatible. Trial judges surely approach this situation differently based on their local practices. Be aware of this legal incongruity when engaging in jury selection; you never know when you may be able to use it to make a situation work to your advantage.
John Helmert, Going to Trial (Now What Do I Do?): Jury Selection in Mississippi Trial Courts, 28 Miss. C.L.Rev. 231, 236-37 (2009) (comparing Mississippi Code Sections 13-5-1 and 13-5-25) (footnotes omitted).
¶41. Nevertheless, in examining the legislative history, we find that, in 1976, the legislature effectively repealed Section 13-5-1’s language that “no juror shall serve on any jury who has served as such for the last preceding two years.” As explained in Adams, 537 So.2d at 893-94:
In the face of repeated opinions from this Court to the effect that our jury selection laws were directory and not mandatory, see, e.g., Rhone v. State, 254 So.2d 750, 752 (Miss.1971), the legislature in 1976 amended Section 13-5-25 “to clarify the personal privilege for exemption of a juror who has served within two years; and for related purposes.” Miss. Laws, ch. 464 (1976). This amendment added to Section 13-5-25 a sentence which reads:
No qualified juror shall be excluded because of any such reasons [being over sixty-five or having served on a jury within two years], but the same shall be a personal privilege to be claimed by any person selected for jury duty.
The statute makes clear that neither the circuit court — and certainly not the deputy circuit clerk — ha[s] authority to act unilaterally and strike from the jury list *309 persons over sixty-five and who have served within the past two years.
Adams did not mention the contradictory language of Section 13-5-1; but, as the latest pronouncement of the legislature’s will, Section 13-5-25 controls. See Belk v. Bean, 247 So.2d 821, 826-27 (Miss.1971) (explaining the doctrine of “implied amendments”) (citations and quotations omitted). Thus, to clarify, venire members shall not be excused automatically from jury service for having served on a jury within the last two years. That statute is no longer in effect, and instead, prior jury service is an exemption that must be claimed by the individual venire member under Mississippi Code Section 13-5-25.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR AND PIERCE, JJ., JOIN THIS OPINION.

. The judge seems to have been addressing the prosecutor at this point.

. This question apparently was asked of defense counsel, and indeed, it was he who responded to it.

. Defense attorney.

. Prosecutor.

. Without objection, the prosecutor proceeded to do so.

. The lawyer’s statement to the court that, "I guess I have an objection ... [to] I guess his qualifications,” certainly did not convey a "specific ground of objection.” M.R.E. 103(a)(1).