I.
This sale of marijuana case presents a variation on the familiar theme of entrapment. The case turns not on whether there was evidence which may have convinced the jury to reject the entrapment defense — for surely there was such evidence. Our concern is that the jury was not instructed on the law of entrapment. As there was also in the record credible evidence which, if believed, may have justified an acquittal on grounds of entrapment, the trial court should have granted defendant's request for an instruction on the point. Because instead it denied the instruction, we reverse and remand.
 II.
The witnesses for the prosecution tell the story essentially as follows: Several times prior to November 14, 1985, Joyce Clouse (Clouse) talked to the Winona Chief of Police, John Johnson (Johnson), about becoming an informant. Clouse told Chief Johnson that she never used drugs, was opposed to drug use, and that she saw and heard people selling drugs and wanted to help stop it. At that time there were no charges pending against Clouse and she was not under suspicion for any crime. *Page 1357 
On Thursday, November 14, 1985, two Mississippi Bureau of Narcotics employees, Agent Michael Dean Gibbs (Gibbs) and Lt. Douglas Cutrer (Cutrer), together with Chief Johnson, met Clouse at a softball park in Winona. Clouse was going to take Gibbs to a house she shared with Sharon Allen (Allen) at 806 Speedway, Winona, and introduce him as a friend from Oklahoma. Agent Gibbs was wearing a body bug. Gibbs and Clouse drove to 806 Speedway, while Cutrer and Johnson parked approximately 100 yards away and tape-recorded the transaction.
Johnny King (King), Defendant below and Appellant here, pulled into the driveway just in front of Clouse and Agent Gibbs. King pulled out a brown paper sack from behind the driver's seat on the back floorboard and the three went inside.
King and Gibbs went to a bedroom. King offered Gibbs a half a pound of marijuana for $600.00. Gibbs, who only had $500.00, stated that he: went to the kitchen where Clouse gave him an empty bag; returned to the bedroom and put a handful or so of the marijuana in the second bag; kept the first paper sack; and paid King $500.00.
King testified that he was entrapped. He stated that Clouse had been bugging him for months to sell her some marijuana. He claimed that he finally gave in to her persistent demands. He denied that he had ever sold marijuana before and denied that he had any pre-disposition to sell. On cross-examination, King admitted that he had bought the marijuana in Texas sometime earlier for his own consumption and that he had paid $500.00 for it. He was, therefore, going to make a $100.00 profit off of the sale to Gibbs. King also admitted that as Gibbs was leaving King told him "If you're ever down this way again and need something, let me know."
Lt. Cutrer listened to and recorded the transaction as it was transmitted from Gibbs' body bug. Clouse was paid $200.00 for her services.
Agent Gibbs kept the marijuana locked in his trunk until Monday, November 18, 1985, when he sent it to the Mississippi Crime Laboratory in Batesville. Joe Lee Williams, Jr., (Williams), Associate Director of the Crime Lab, tested and weighed the substance and determined that it was 104.4 grams of marijuana, which is to say, more than one ounce and less than a kilogram of marijuana.
King was arrested a little over four months later on March 31, 1986.
On October 16, 1986, Johnny M. King was convicted in the Circuit Court of Montgomery County of selling more than one ounce and less than one kilogram of marijuana, in violation of Miss. Code Ann. § 41-29-139(a)(1)(b)(2) (Supp. 1987). On October 17, 1986, the Circuit Court sentenced King to six (6) years in the custody of the Mississippi Department of Corrections. From this conviction and sentence, King appeals.
 III.
King first argues that the Circuit Court erred in refusing his request for a peremptory instruction and his post-verdict motion for judgment of acquittal notwithstanding the verdict.
The standards by which we review trial court action on such motions are familiar. In evaluating a request for a peremptory instruction and subsequent motion for judgment of acquittal notwithstanding the verdict, the Circuit Court, and this Court on appeal, must consider all of the evidence, not just the evidence which supports the prosecution's case, in the light most favorable to the prosecution. Buckley v. State, 511 So.2d 1354, 1357 (Miss. 1987); Peoples v. State, 501 So.2d 424, 427 (Miss. 1987); Bunkley v. State, 495 So.2d 1, 3 (Miss. 1986). Evidence which supports the case of the prosecution is taken as true.Buckley, 511 So.2d at 1357; Gavin v. State, 473 So.2d 952, 956 (Miss. 1985); Christian v. State, 456 So.2d 729, 734 (Miss. 1984); Warn v. State, 349 So.2d 1055, 1056 (Miss. 1977). All favorable inferences that may reasonably be drawn from the evidence are given to the prosecution. Buckley, 511 So.2d at 1358 and cases cited therein. This Court may reverse only where with respect *Page 1358 
to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Buckley, 511 So.2d at 1358; Wetz v. State, 503 So.2d 803, 808 (Miss. 1987);Peoples, 501 So.2d at 428 (Miss. 1987).
Having in mind the evidence recited at the outset of this opinion, and which needs not be repeated here, we have no authority but to reject the present assignment of error.
 IV.
King argues that the Circuit Court erred when it allowed the prosecution to introduce as evidence a tape recording of the marijuana sale. At trial he objected on grounds of "no proper foundation" and "no proper chain of custody". On appeal he argues that the tape had not been adequately authenticated and that his voice had not been identified.
As explained above, Agent Gibbs was wearing a body bug at the time of the marijuana sale, and the verbal exchange inside the house at 806 Speedway was tape-recorded by Lt. Cutrer. Lt. Cutrer testified that he checked the transmitter (body bug) and tape recorder and that they were functioning properly. Cutrer also testified that he monitored the transmission as it was being recorded. Gibbs testified that the transmitter was functioning properly and that the tape recording accurately represented his conversation with King. Lt. Cutrer testified that the tape accurately represented the conversation he heard and recorded. Cutrer was clearly familiar with the tape recorder and competent to operate it. He also testified that the tape had not been altered.
After making the recording, Cutrer put the original in a plastic bag, initialed, numbered and heat sealed it, and placed the sealed bag in a fire safe. Gibbs brought the sealed bag to the courtroom and Cutrer opened the bag that morning to listen to the recording.
This evidence establishes quite convincingly that the tape recording offered at trial was in fact that which the prosecution claimed it to be, to-wit: an accurate recording of the verbal communications Agent Gibbs had with another person at the time, place and occasion in question. See Rule 901(a), Miss.R.Ev. The fact that Lt. Cutrer did not identify King's voice is beside the point. Cutrer did identify Agent Gibbs' voice and testified as to the time and place of the recording. Gibbs in turn supplied the missing link, to-wit: that King was the person in the house with whom he had the communications which reflected the marijuana sale.
The assignment of error is denied.
 V.
King further assigns as error the Circuit Court's refusal to submit to the jury an entrapment instruction.[1] King argues that he offered evidence sufficient to establish a prima facie case of entrapment and, accordingly, that he was entitled to have the issue submitted to the jury.
Entrapment is an affirmative defense. Once the defendant makes out a prima facie case that he was entrapped, two consequences follow. First, the burdens of production and proof shift to the prosecution. Ervin v. State, 431 So.2d 130, 133-34 (Miss. 1983); Tribbett v. State, 394 So.2d 878, 881 (Miss. 1981);Alston v. State, 258 So.2d 436, 438 (Miss. 1972). Second, the accused becomes entitled to have the issue *Page 1359 
of entrapment submitted to the jury on proper instructions. The defense of entrapment is available where criminal intent did not originate in the mind of the accused, or stated differently, where the accused was not predisposed to commit the crime.Howard v. State, 507 So.2d 58, 61 (Miss. 1987); Pace v.State, 407 So.2d 530, 532 (Miss. 1981); McCormick v. State,279 So.2d 596, 597 (Miss. 1973). Where, however, the intent to commit the crime already existed in the mind of the accused so that the inducement merely served to give him an opportunity to commit that to which he was already disposed, the entrapment defense does not lie. Phillips v. State, 493 So.2d 350, 354 (Miss. 1986) and cases cited therein; Barnes v. State,493 So.2d 313, 315 (Miss. 1986).
Whether the entrapment defense — or any other issue of fact — should be submitted to the jury ultimately turns on whether there is in the record credible evidence supporting it. Here the test is the reverse of that described in Part III above, "for now the defendant must be given the benefit of all doubts about the evidence." Lee v. State, 469 So.2d 1225, 1230 (Miss. 1985). Where a party offers evidence sufficient that a rational jury might find for him on the particular issue, that party as of right is entitled to have the court instruct the jury on that issue and submit the issue to the jury for its decision. See,e.g., Monroe v. State, 515 So.2d 860, 863 (Miss. 1987);Armstead v. State, 503 So.2d 281, 285 (Miss. 1987); Lee v.State, 469 So.2d 1225, 1230-31 (Miss. 1985).
We have expressly held that this rule applies in an entrapment case. See Phillips v. State, 493 So.2d 350, 353-54 (Miss. 1986), a case where the trial court had refused the entrapment instruction. In reversing, this Court stated:
 Phillips claims on this appeal merely that he had presented sufficient evidence so that he was entitled to have the entrapment issue submitted to the jury. Our familiar rule, of course, provides that whether an issue should be submitted to the jury is determined by whether there is evidence which, if believed by the jury, could result in resolution of the issue in favor of the party requesting the instruction. Conversely, only where the evidence is so one-sided that no reasonable juror could find for the requesting party on the issue at hand may the trial court deny an instruction on a material issue. [citations omitted]
493 So.2d at 353-54. Our question then is whether there was sufficient evidence in the record that a rational jury might have found for King on the entrapment issue.
To begin with, King admitted the offense charged in the indictment. He testified, however, that he had purchased the half pound of marijuana in Texas and had brought it with him to Mississippi where he was keeping it for his own personal use. He expected to be in Mississippi for several months, having been laid off from his job at Brown Root Corporation as an offshore oil rig construction worker in Texas. The quantity — one half pound — is not so large that the suggestion that he was keeping it for his personal use was inherently incredible. When asked if he had ever sold marijuana before, King testified "No, I hadn't."
King's testimony is quite unequivocal that he would never have sold marijuana had it not been for the constant importuning of the Bureau of Narcotics' confidential informant Joyce Clouse. If believed, King's evidence established that before November 14, 1985, he had no predisposition to commit the crime of sale of marijuana. Given the evidence in the record, we cannot say that a jury would have been irrational had it so found. Indeed, our procedural context requires that King's testimony "be taken as true." Phillips v. State, 493 So.2d 350, 355 (Miss. 1986).
The State's brief emphasizes evidence before the Circuit Court that King was "predisposed" and was not entrapped. No doubt there is such evidence, but that is of no moment. King is not here arguing that the evidence is legally insufficient to support a verdict against him, only that he was denied the right to have the jury pass on his sole defense. Put otherwise, that the record contains evidence adequate to undergird *Page 1360 
a jury's rejection of an entrapment defense is wholly irrelevant to the question whether the accused was entitled to have the issue submitted via an entrapment instruction. See Lee v.State, 469 So.2d at 1229-32.
Nothing in cases such as Harper v. State, 510 So.2d 530, 531 (Miss. 1987); Ervin v. State, 431 So.2d 130 (Miss. 1983);Carroll v. State, 396 So.2d 1033 (Miss. 1981); or Tribbett v.State, 394 So.2d 878 (Miss. 1981) or cases of that sort are to the contrary. Those cases merely state in a conclusory fashion that the defendant had not made out a prima facie case. Where, as here, the defendant admitted the offense but testified unequivocally that he had never made a sale of marijuana before, that he had no plans, intention or disposition for making such sale, and that had it not been for the importuning of the Bureau of Narcotics confidential informant he would not have done so, he has made his prima facie case and is entitled to have the question submitted to the jury. This being a central issue in the case, and, indeed, King's entire defense, we have no alternative but to reverse the judgment of conviction and the sentence entered thereon and remand the case for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
[1] Instruction D-3, requested by King, provides:
The Court instructs the jury that the term "entrapment" means inducing or leading a person to commit a crime not originally contemplated by him.
Evidence has been presented that the defendant was induced to commit the crime by law enforcement officers or their agents. For you to find the defendant guilty, the State must prove to your satisfaction beyond a reasonable doubt that the defendant was already willing to commit the crime and that the law enforcement officers or their agents merely gave him the opportunity.
The prosecution, neither at trial nor on appeal, raises any question regarding the form or adequacy of this instruction. Rather, it is questioned on grounds there is an insufficient evidentiary predicate to warrant its submission to the jury.