# IN THE COURT OF APPEALS 12/03/96

## OF THE

## STATE OF MISSISSIPPI

### NO. 94-KA-01226 COA

**ROOSEVELT ANTHONY CROCKETT**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. KOSTA N. VLAHOS

COURT FROM WHICH APPEALED: HARRISON COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

STEPHEN J. MAGGIO

ATTORNEYS FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: W.GLENN WATTS

DISTRICT ATTORNEY: MARK WARD

NATURE OF THE CASE: CRIMINAL: SALE OF A CONTROLLED SUBSTANCE

TRIAL COURT DISPOSITION: SALE OF A CONTROLLED SUBSTANCE: SENTENCED AS A HABITUAL OFFENDER TO A TERM OF 30 YRS IN THE CUSTODY OF THE MDOC WITHOUT HOPE OF PAROLE OR PROBATION


BEFORE BRIDGES, P.J., KING, AND PAYNE, JJ.

BRIDGES, P.J., FOR THE COURT:

Roosevelt Crockett was convicted of selling a controlled substance as a habitual offender in Harrison County Circuit Court. From his conviction and sentence of thirty years, Crockett appeals to this Court on two issues: (1) whether the trial court erred in restricting the cross-examination of a witness, and (2) whether the trial court erred in denying a jury instruction on the issue of entrapment.

## FACTS

On September 1, 1993, undercover agent Sean O'Neil drove to an area off Highway 49 in North Gulfport in a truck that had been previously fitted with a concealed camera and tape recorder. On reaching the corner of Alabama and Tyler, he saw several males standing at the corner. He slowed his truck and rolled down his window; Crockett then approached his car, and asked what he needed. Officer O'Neil explained that he needed a "twenty dollar piece." Crockett asked him for the money, to which O'Neil replied that he would not give him the money until he had the crack cocaine. Crockett jumped in the back of O'Neil's pick-up truck and directed him where to go in order to make the purchase. O'Neil drove there, Crockett got out of the pick-up, and returned a few minutes later with the crack cocaine.

## ARGUMENT AND DISCUSSION OF THE LAW

### I. WHETHER THE TRIAL COURT ERRED IN DENYING THE APPELLANT THE OPPORTUNITY TO CROSS-EXAMINE A WITNESS IN ORDER TO DEVELOP AN ENTRAPMENT DEFENSE.

During trial, the court refused to let Crockett develop the defense of entrapment while cross-examining Officer O'Neill. Crockett alleged that the multi-jurisdictional drug task force operated mostly in economically depressed areas, and its main purpose was to induce poor people and specific individuals to sell drugs.

The State explained that the task force was designed for the purpose of providing an opportunity for people already selling or wanting to sell drugs to do so, whether in North Gulfport or in any other area of Harrison County. Consistent with the State's argument, was testimony proving that Crockett approached the car on his own volition. He approached the car and asked what the officer needed. The officer did not verbally or physically ask Crockett to come over; he merely slowed the car.

During Officer O'Neil's cross-examination, testimony was proffered that proved that the undercover task force targeted both high and low economic areas and did not operate to isolate or entrap specific individuals.

> Q. Did you in your two months with the narcotics Task Force, did y'all ever formulate plans to go to an area like Windance (a higher income area of Gulfport) and cruise that neighborhood and try to induce people to sell you drugs?

A. Yes, sir

Q. You did?

A. Uh, huh.

Q. And again, your plans were in fact to get somebody, your whole goal at this point was to get somebody, anybody, to sell you drugs that day, correct?

A. I wouldn't use the word 'get' myself. We would, you know, see the area, see if somebody would approach the vehicle for the possibility of buying narcotics.

Q. Was this going to be done telepathically, the communication, or by mind reading? How was it going to be done?

A. By cruising the area.

After having a bench conference, the trial judge sustained the State's objection to the entrapment line of questioning, and ruled that the theory of entrapment could not be developed on cross-examination.

With regard to the scope of cross-examination, the Supreme Court of Mississippi has stated that although the scope of cross-examination is usually very broad, it is within the sound discretion of the trial court to limit cross-examination to relevant matters. *Hewlett v. State*, 607 So. 2d 1097, 1100 (Miss. 1992). However, the discretion of the trial court is not without limits; the court has reversed where the trial court exceeded the limits in an area proper for cross-examination. *Hewlett* 607 So. 2d at 1100; *Carr v. State*, 655 So. 2d 824, 847 (Miss. 1995). Yet, "cross-examination on an irrelevant point is not permitted." *Sayles v. State*, 552 So. 2d 1383, 1386 (Miss. 1989).

Using his discretion, the trial judge ruled that prolonged cross-examination on the point of where the task force operated was irrelevant. As illustrated in *Hewlett*, *Carr*, and *Sayles*, the judge has the inherent power to limit cross-examination to relevant matters. For this reason, we believe this issue is without merit, and we affirm the lower court.

## II. WHETHER THE TRIAL COURT ERRED IN DENYING A JURY INSTRUCTION

ON THE ISSUE OF ENTRAPMENT.


Crockett contends that the refusal to grant his requested jury instruction on entrapment was erroneous. Consistent with the standard of review for the denial of other instructions, the Mississippi Supreme Court requires in reviewing whether an entrapment instruction should have been given, that the accused "be given the benefit of all doubts about the evidence." *King v. State*, 530 So. 2d 1356, 1359 (Miss. 1988). Entrapment is an affirmative defense and, to secure an instruction on the defense, the accused is obligated to make a *prima facie* case of entrapment, and an instruction should only be refused when "the evidence is so one-sided that no reasonable juror could find" entrapment. *King*, 530 So. 2d at 1358-59; *see Bush v. State*, 585 So. 2d 1262, 1264 (Miss. 1991).

As for Crockett's requested jury instruction, the trial court ruled that there was no factual basis to allow for an entrapment instruction. Because the court restricted Crockett's cross-examination of Officer O'Neil to relevant matters, the defense was not able to expound on the entrapment theory and thus, was not able to make a *prima facie* case of entrapment, a prerequisite to a jury instruction on entrapment. As discussed above, the trial court ruled that the entrapment line of questioning was irrelevant and because of this, not a proper affirmative defense. Finding no assignment of error which warrants reversal, we affirm the lower court.

**THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF SALE OF A CONTROLLED SUBSTANCE AND SENTENCE AS A HABITUAL OFFENDER FOR A TERM OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. HARRISON COUNTY IS TAXED WITH ALL COSTS OF THIS APPEAL.**


**FRAISER, C.J., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR. THOMAS, P.J., NOT PARTICIPATING.**