724 So.2d 420 (1998)
Billy Joe MARTIN a/k/a "Pete" Martin, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00722 COA
Court of Appeals of Mississippi.
November 24, 1998.
*421 B. Calvin Cosnahan, McComb, Attorney for Appellant.
Office of the Attorney General by Wayne Snuggs, W. Glenn Watts, Attorneys for Appellee.
Before THOMAS, P.J., DIAZ, and SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. Billy Joe Martin was convicted on one count of the sale of a controlled substance. He argues on appeal that the indictment was improperly amended at trial, that an unauthenticated tape recording was invalid evidence, and that he should not have been ordered to provide a voice exemplar in front of the jury. We find that these issues do not merit reversal and affirm.

FACTS
¶ 2. On October 7, 1996, Charles Peters, a confidential police informant, met with Officer Norman Goleman, a narcotics agent for Walthall County, to discuss the purchase of cocaine from Billy Joe Martin. After being equipped with a transmitter, Peters drove to an area frequented by Martin. Shortly thereafter, Martin arrived. At approximately 7:33 p.m., Peters purchased a twenty dollar rock of cocaine from him. Peters then drove back to a designated site where he was met by Officer Goleman. The cocaine and audio tape were then taken and inspected by Officer Goleman. The same process was repeated, with Peters purchasing cocaine from Martin at 8:20 p.m. and 10:26 p.m later that evening.
¶ 3. Martin was charged with three counts of distributing a controlled substance and one count of conspiracy to distribute a controlled substance. On April 16, 1997, a jury in the Circuit Court of Walthall County found Martin guilty only of the one count of distributing a controlled substance. He was sentenced to twenty-three years in the custody of the Mississippi Department of Corrections, with five years suspended.

DISCUSSION

I. Amendment of the indictment
¶ 4. Martin contends that it was error for the trial court to allow the State to amend the indictment on the day of trial. Martin filed a motion to quash the indictment, claiming that it failed to list the time of day each of the three alleged sales occurred. The judge denied Martin's motion, finding that "the test is whether or not the defendant can tell from the Indictment what the charge is he is facing." He went on to find that there was no surprise or prejudice to Martin.
¶ 5. The State then moved ore tenus to amend the indictment. The motion was granted and the indictment amended to reflect the time of day each sale of cocaine allegedly occurred. According to Martin, this was an impermissible material amendment which should not have been allowed.
¶ 6. Amendments may be made to indictments at trial. Miss.Code Ann. § 99-17-13 *422 (Rev.1994). The State may not seek amendments altering the material set of facts in the indictment or "materially alter(ing) a defense to the indictment ... to prejudice the defendant's case." Griffin v. State, 584 So.2d 1274, 1276 (Miss.1991). The test for determining whether an amendment will prejudice the defendant's case is "whether a defense as it originally stood would be equally available after the amendment is made." Holmes v. State, 660 So.2d 1225, 1226 (Miss. 1995).
¶ 7. There is no objection to the amendment in the record. Even if there were, Martin's only basis for complaining would be that the amendment somehow deprived him of a defense. However, he makes no allegation of any such deprivation of a possible defense, for example, an alibi for the various times the cocaine sales allegedly occurred. Neither can we find anything in the record to show prejudice suffered by Martin as a result of the amendment of the indictment.
¶ 8. "An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense...." Miss.Code Ann. § 99-7-5 (Rev.1994). Unless time is an essential factor in the crime, an amendment to change the date on which the offense occurred is one of form only. Baine v. State, 604 So.2d 258, 261 (Miss.1992). Martin was convicted of the illegal distribution of a controlled substance. Miss.Code Ann. § 41-29-139 (Rev.1993). Time is not an essential element of the crime. We reject Martin's argument.

II. Introduction of the audio tape
¶ 9. Martin next argues that the introduction of the audio tape made during the drug transaction was error, as it was irrelevant and improperly authenticated. Specifically, Martin argues that the authenticating officer was unable to identify Martin's voice.

A. Relevancy
¶ 10. "Before evidence may be admitted at trial, it must first satisfy the relevancy test of M.R.E. 401. Something is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Once the evidence is determined to be relevant, it must then be properly authenticated and identified." Stromas v. State, 618 So.2d 116, 118 (Miss.1993) (citing M.R.E. 401, 901).
¶ 11. A tape recording of a sale of a controlled substance is relevant evidence at the trial of the person charged with making that sale. Middlebrook v. State, 555 So.2d 1009, 1013 n. 6 (Miss.1990). An inculpatory conversation on the tape makes it more likely the drug transaction took place. Butler v. State, 592 So.2d 983, 984 (Miss.1991). The tape recording was relevant.

B. Authentication
¶ 12. "Once relevancy is determined, for the tape recording to be properly admitted the State must present evidence `sufficient to support a finding that the matter in question is what its proponent claims.'" Stromas, 618 So.2d at 119 (quoting M.R.E. 901). "The State may prove that the tape recording is, in fact, a recording of [the defendant] by `opinion based upon hearing the voice at any time under the circumstances connecting it with the alleged speaker.'" Id. at 119 (quoting M.R.E. 901(b)(5)). Whether the evidence presented satisfies M.R.E. 401 and 901 is a matter left to the discretion of the trial judge. M.R.E. 104(a).
¶ 13. Martin's chief concern is that the audio tape was introduced into evidence and heard by the jury before his voice was ever identified. The authenticating officer, Agent Goleman, could not identify Martin's voice although he did identify the voices of the informant, Charles Peters, and two other individuals. When the informant, Peters, testified later, he stated that he had known Martin for approximately eight years and was familiar with his voice. After Martin gave a voice exemplar, Peters testified that his was the same voice which he heard on the audio tape.
¶ 14. Goleman's failure to identify Martin's voice did not render the tape inadmissible. Under M.R.E. 901(a), the tape was admissible *423 to prove that a drug transaction had indeed taken place, as there was "evidence sufficient to support a finding that the matter in question is what its proponent claims." Goleman testified that he listened to the events on the tape as they were occurring and that, in his opinion, a drug purchase was taking place. This testimony was sufficient to admit the tape but only for the limited purpose of proving the occurrence of the drug sale. The tape was not relevant at that time to prove Martin's involvement.
¶ 15. However, the tape later became relevant to prove Martin's involvement when the informant, Charles Peters, identified Martin's voice on the tape. A similar situation arose in another case in which the defendant complained that the authenticating officer did not identify his voice. King v. State, 530 So.2d 1356, 1358 (Miss.1988). However, the officer identified the informant's voice; the informant in turn identified the defendant's. The supreme court held that this was proper, remarking that "[t]he fact that [the authenticating officer] did not identify [the defendant's] voice is beside the point. [He] did identify [the informant's] voice and testified as to the time and place of the recording. [The informant] in turn supplied the missing link, to-wit: that [the defendant] was the person in the house with whom he had the communications which reflected the marijuana sale." Id. In the present case, the informant, Charles Peters, provided the "missing link" which admitted the evidence for the purpose of establishing Martin's involvement in the drug transaction.
¶ 16. Martin also claims that identification of all voices on the tape recording is required properly to authenticate and admit the tape into evidence. It is true that before the adoption of the Mississippi Rules of Evidence, the State had to satisfy a seven factor test in order to admit a tape recording into evidence. Monk v. State, 532 So.2d 592, 599 (Miss.1988). One of the factors was the "identification of the speakers." Id. However, "this seven factor test has been supplanted by the Rules of Evidence and is no longer applicable to the admission of tape recordings." Stromas, 618 So.2d at 119. As already discussed, after looking to M.R.E. 401 and 901, we find that the tape recording was properly authenticated and identified by the State, and was admissible to prove both the occurrence of the drug transaction and Martin's involvement.

III. Voice exemplar
¶ 17. Finally, Martin claims that his constitutional rights were violated when he was ordered to provide a voice exemplar in court.
¶ 18. The United States Supreme Court held that "[t]he taking of ... exemplars did not violate petitioner's Fifth Amendment privilege against self-incrimination. The privilege reaches only compulsion of `an accused's communications, whatever form they might take, and the compulsion of responses which are also communications, for example, compliance with a subpoena to produce one's papers,' and not `compulsion which makes a suspect or accused the source of `real or physical evidence.'" Gilbert v. California, 388 U.S. 263, 266-67, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) (quoting Schmerber v. California, 384 U.S. 757, 763-64, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966)). "One's voice and handwriting are, of course, means of communication. It by no means follows, however, that every compulsion of an accused to use his voice or write compels a communication within the cover of the privilege. A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection." Id. (citing United States v. Wade, 388 U.S. 218, 222-223, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)).
¶ 19. These principles have been adopted in Mississippi. The supreme court has held that the State could force a defendant to provide a handwriting exemplar without violating the Fifth Amendment or Section 26 of the Mississippi Constitution, which protects against self-incrimination. McCrory v. State, 342 So.2d 897, 899 (Miss.1977). The court has further noted that "in analyzing the two provisions," this Court has used the term "Fifth Amendment" to refer to the self-incrimination provisions of both the U.S. Constitution and the Mississippi Constitution." Ricks v. State, 611 So.2d 212, 215 (Miss. *424 1992). Consequently, we find Martin's argument without merit. Voice exemplars are prohibited by neither the Fifth Amendment nor Section 26 of the Mississippi Constitution.
¶ 20. THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY-THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED AND $5,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO WALTHALL COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, and PAYNE, JJ., concur.