¶ 13. I respectfully dissent for the following reasons: First, I would dismiss McCollum's Petition for Writ of Certiorari as untimely because it was filed seven days late. See M.R.A.P.17(b) (petition for writ of certiorari must be filed in the Supreme Court within fourteen days from date of entry of judgment by the Court of Appeals). McCollum fails to give the Court any reason whatsoever for the late filing. Indeed, the petition fails to even mention the late filing.
¶ 14. Second, considering the merits of the issue upon which the majority reverses McCollum's conviction and sentence, in my view, there is an absolutely clear and valid legal reason why the trial judge did not allow McCollum's entrapment instruction. The Court of Appeals was correct to affirm McCollum's conviction.
¶ 15. This Court, in King v. State, 530 So.2d 1356, 1358-59 (Miss. 1988), stated:
 Entrapment is an affirmative defense. Once the defendant makes out a prima facie case that he was entrapped, two consequences follow. First, the burdens of production and proof shift to the prosecution. . . . The defense of entrapment is available where criminal intent did not originate in the mind of the accused, or stated differently, where the accused was not predisposed to commit the crime. Where, however, the intent to commit the crime already existed in the mind of the accused so that the inducement merely served to give him an opportunity to commit that to which he was already disposed, the entrapment defense does not lie.
(citations omitted emphasis added.) Thus, the primary question is whether the prosecution's proof overwhelmed the meager proof offered by McCollum regarding predisposition to preclude the necessity of granting McCollum's requested entrapment defense instruction?
¶ 16. In my view, McCollum simply failed to make out a sufficient prima facie case of true inducement by the undercover agent and lack of predisposition by McCollum to sell drugs to the agent. This Court has held that the mere raising of the entrapment defense "opens the door for the prosecution to introduce evidence of predisposition to commit the offense." Hopson v. State,625 So.2d 395, 402 (Miss. 1993). The State's evidence clearly and sufficiently demonstrated McCollum's predisposition to sell cocaine.
¶ 17. What was the State's evidence? First, the jury was shown a videotape with audio of the entire transaction. Thus, McCollum's actions, demeanor, and voice were observed and heard by the jury. Likewise, so were the drug agent's. Then, there is the testimony of the agent himself which overwhelmingly refutes any suggestion of "constant importuning" which so concerned the King Court. Webster defines the word "importune" as, "to press of urge with troublesome persistence; to beg, urge, or solicit persistently or troublesomely." Webster's Third New International Dictionary 1135 (3rd ed. 1976). Indeed, this case stands in stark contrast to the facts in King, (relied upon so heavily by the majority), where King testified that the confidential source "had been bugging him for months to sell her some marijuana. . . . [and] that he finally gave in to her persistent demands." King, 530 So.2d at 1357. Here, Agent Muscio, alone in his vehicle, first approached McCollum at the Junior Food Mart and asked him about *Page 989 
purchasing a single rock of cocaine. The record reflects that McCollum answered no only once. Shortly thereafter, at the laundry mat Muscio again asked McCollum, "Hey, man, you got a 20?" On cross-examination, McCollum admitted that he replied "Yeah, I got one." McCollum also admitted that Agent Muscio never left his vehicle at either location, not even to make the actual purchase of the cocaine. Instead, McCollum got out of his vehicle and brought the cocaine to Muscio's vehicle. There is a total absence of pleading, begging, pressure, coercion, undue influence, arm-twisting, trickery, deceit or "constant importuning" as described by the Court in King. Additionally, there is evidence here of McCollum's prior drug-related activities which adequately demonstrated predisposition and/or inclination to sale the cocaine to Agent Muscio. McCollum admitted that he was a frequent purchaser of cocaine. We should note also that this is not one of those cases where the confidential source or undercover drug agent supplied the cocaine, but rather, it was McCollum, a frequent cocaine purchaser, who supplied the drug. Finally, there is McCollum's admitted profit in selling the cocaine and making money off the transaction which was also presented to the jury.
¶ 18. This is not a case where McCollum was entitled to an entrapment defense instruction. Simply put, McCollum failed to establish that he lacked the predisposition to commit the act of selling cocaine, thus entrapment was not a defense. Hopson v.State, 625 So.2d 395, 399 (Miss. 1993). The Court of Appeals and the trial judge correctly ruled regarding this issue. I would affirm those courts.
¶ 19. For these reasons, I respectfully dissent.
PITTMAN, P.J., AND COBB, J., JOIN THIS OPINION.