924 So.2d 554 (2005)
Dameon GILL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01096-COA.
Court of Appeals of Mississippi.
September 20, 2005.
Rehearing Denied December 13, 2005.
*555 Gordon Garland Lyell, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before BRIDGES, P.J., MYERS and CHANDLER, JJ.
BRIDGES, P.J., for the Court.
¶ 1. On May 12, 2004 a jury convicted Dameon Gill of "willfully, unlawfully, knowingly, and feloniously" selling a quantity of cocaine in Madison County. The circuit court sentenced Gill to a sentence of thirty years with ten years suspended. Gill appeals a single issue, that the court erred in failing to allow either of his proposed jury instructions for an affirmative defense of entrapment. Finding no error, we affirm.

FACTS
¶ 2. On May 18, 1999 Dameon Gill sold five rocks of crack cocaine to an undercover agent for the Mississippi Bureau of Narcotics, Sidney Coleman. A confidential informant took agent Coleman looking for a Cadillac from which cocaine was reportedly being sold in the Camden area. According to the testimony of agent Coleman, he and the informant pulled up to a driveway where someone asked them what they wanted. The informant responded that he wanted one hundred dollars worth of cocaine or a "bill." The man went into the house and got Gill to come out. The informant told Gill that agent Coleman wanted to purchase a hundred dollars worth of cocaine. Gill responded that he thought he wanted to purchase an eighth of an ounce of crack cocaine or an "8-ball." Gill and Coleman then agreed to the one hundred dollar purchase of cocaine. Agent Leigh Wells further testified how the agents recorded the buy from the informant's body microphone and a video camera located in the armrest of the car used by agent Coleman for the buy.
¶ 3. The confidential informant used cocaine with Gill before and Gill has admitted to a bad crack cocaine addiction. Gill testified that he planned to use the cocaine he sold to agent Coleman for his own personal drug habit. Gill further testified that he had never discussed selling drugs to the informant before. Gill also stated that he did not intend to sell the cocaine until the informant offered to and after the offer decided to sell because he needed the money to pay his bills since his cocaine habit expended much of his funds. According to Gill this was his first time to sell cocaine or other drugs.

ANALYSIS
¶ 4. The sole issue revolves around whether or not Gill was entitled to a jury *556 instruction on entrapment and if without the instruction he did not receive a fair trial. Before the defendant can present an entrapment defense he must show evidence to make a prima facie case of the government inducement and his lack of predisposition to commit the crime. The standard of review is "Whether an issue should be submitted to the jury is determined by whether there is evidence which, if believed by the jury, could result in resolution of the issue in favor of the party requesting the instruction. Conversely, only where the evidence is so one-sided that no reasonable juror could find for the requesting party on the issue at hand may the trial court deny an instruction on a material issue." Walls v. State 672 So.2d 1227, 1230 (Miss.1996)
¶ 5. "The presence of inducement and the absence of predisposition must both be shown." Ealy v. State, 757 So.2d 1053, 1056(¶ 9) (Miss.Ct.App.2000). Thus in order for Gill to make his prima facie case he must show both of the necessary elements: (1)government inducement and (2) absence of predisposition. Testimony of constant importuning will create a prima facie case. King v. State, 530 So.2d 1356, 1360 (Miss.1988) Gill argues that he did not have a predisposition to sell the drugs and would not have without the request of the confidential informant. He argues that sufficient evidence in the record could lead a rational jury to agree he was entrapped.
¶ 6. Gill relies heavily on King v. State where the court agreed that the defendant deserved an instruction on entrapment since a reasonable juror could find for the requesting party. The facts of the two cases are similar in that both defendants testified that this was their only drug sale. Both also testified they had the drugs for their own personal drug habit and only decided to make a sale after asked by the confidential informant. The State contends he had the predisposition because he needed money to support his drug habit and he needed to profit off the drugs in order to pay his bills.
¶ 7. The State points to the Walls case where the court found that the defendant did not reach the prima facie requirement in order to get an instruction on the entrapment defense since the government did not coerce or force him to commit the crime. "This Court has held that an entrapment instruction is not necessary where a defendant was merely `asked to sell the substance and he was caught.'" Walls, 672 So.2d at 1231 (citing Ervin v. State 431 So.2d 130, 134 (Miss.1983)).
¶ 8. An agent or informant can induce someone to make a purchase. King serves as an example of where the court ruled that a reasonable juror could find that the informant entrapped the defendant justifying an entrapment instruction. The important difference between the two cases revolves around the importuning of the informant. In King, the defendant testified that the informant had been bugging him for months to sell her marijuana. He further testified that he never sold drugs prior to this instance and only sold because the informant had persistently demanded him to do so. King, 530 So.2d at 1352, 1359. Similarly, in McCollum v. State 757 So.2d 982, 988(¶ 9) (Miss.2000) the defendant testified that the agent following the defendant around to the store repeatedly asking him to sell him drugs. He further testified he only agreed to sell after he kept asking him. Another example had the informant ask the defendant "15 or 20 times" to make a purchase from him since he owed the source money. Avery v. State, 548 So.2d 385, 387 (Miss.1989).
¶ 9. Gill testified that the he had used drugs with the informant before but had never sold to him nor had he discussed *557 selling drugs to the informant before. Further, Gill did not state that the informant repeatedly asked him to sell. Instead he testified that the informant asked and he knew he needed to pay bills so agreed to sell the cocaine. His testimony lacked evidence that the informant harassed him into selling him drugs but he did say, "he knew I wanted to sell it; but, he knew I was a user; he knew I knew where to get it from and you know." The testimony shows that Gill merely came out and negotiated a sale of cocaine after the informant asked for someone to sell.
¶ 10. Gill fails to give sufficient evidence that the government importuned him to sell the cocaine. Instead the facts support an "asked and caught" determination. Whether or not the defendant planned to use the drugs for personal use prior to the offer is irrelevant. By asking Gill to sell, the informant merely created the opportunity for Gill to make the illegal sale. Here the defendant failed to make his prima facie case since he never showed the importuning necessary for the government to force or coerce him to make the sale instead of his own predisposition. Thus, the circuit court correctly ruled against the jury instructions involving entrapment.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN YEARS SUSPENDED, WITH FIVE YEARS UNDER SUPERVISED PROBATION OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A FINE OF $5,000.00 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.