966 So.2d 218 (2007)
Sandra D. DEAR, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01560-COA.
Court of Appeals of Mississippi.
October 9, 2007.
*219 Edmund J. Phillips, Jr., attorney for appellant.
Office of the Attorney General by Stephanie Breland Wood, attorney for appellee.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. Sandra D. Dear was convicted of the sale of a controlled substance, namely cocaine, in the Leake County Circuit Court. During sentencing, Dear was ordered to serve a term of twenty years in the custody of the Mississippi Department of Corrections. Dear appeals her conviction and asks the court:
WHETHER THE TRIAL COURT ERRED IN REFUSING TO ALLOW JURY INSTRUCTION D-7?
Finding no error, we affirm.

DISCUSSION
¶ 2. Larry Gardner, a confidential informant, testified as the principal witness against Dear. Informant Gardner identified Dear in court. Gardner further testified that he purchased drugs from Dear inside her home on January 3, 2005. Dear requested several jury instructions at the close of trial. The trial judge denied Dear's D-7 jury instruction, finding it lacked evidentiary support. Dear objected on the record to the denial of the requested jury instruction. The jury instruction at issue reads, in part, "if . . . the State has failed to satisfactorily identify Sandra D. Dear, beyond a reasonable doubt, as the individual who committed the crimes of sale of cocaine, it is your duty to find Sandra D. Dear, `not guilty.'"
¶ 3. Dear now claims the trial judge erred in failing to allow the D-7 jury instruction which presented her theory of the case. Dear suggests that she was unable to place before the jury the issue of whether she was the source of the cocaine as a result of the denial of the instruction. Dear states further that a reasonable jury could find from the evidence presented that she was not the source of the drugs and as such the D-7 instruction should have been given at trial.
¶ 4. However, the State argues the trial court was correct in denying the instruction at issue because Gardner identified Dear, a person he had known for fifteen years, as the individual from whom he purchased cocaine. Further, the State asserts that the jury is allowed to judge the credibility of the witnesses and that Dear was unable to support her theory of the case with anything other than her own speculation. The State argues there is no credible evidence that anyone but Dear was the source of the cocaine purchased by Gardner.
¶ 5. An appellate court's review of jury instructions is analyzed under the following standard. "A defendant is entitled to have jury instructions given which present his theory of the case . . . the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without *220 foundation in the evidence." Ladnier v. State, 878 So.2d 926, 931-32(¶ 19) (Miss. 2004) (citing Heidel v. State, 587 So.2d 835, 842 (Miss.1991)). There is no requirement to present an alternate theory instruction which is unsupported by the evidence and where no reasonable jury could find otherwise. In addition, jury instructions should be read together as a whole when determining whether the court erred in granting or denying the jury instruction in question. Ladnier, 878 So.2d at 931(¶ 19). Finally, in determining which instructions or issues to be presented to the jury, the court must decide "whether there is evidence which, if believed by the jury, could result in resolution of the issue in favor of the party requesting the instruction." Gill v. State, 924 So.2d 554, 556(¶ 4) (Miss.Ct. App.2005) (citing Walls v. State 672 So.2d 1227, 1230 (Miss.1996)).
¶ 6. In order for Dear to prevail on her appeal, the appellate court must find sufficient credible evidence on the record which supports Dear's theory of the case, such that a reasonable jury could find that Dear was not responsible for the drug sale. Gill v. State, 924 So.2d at 556(¶ 4) (Miss. Ct.App.2005). Dear suggested at trial she was not the source of the cocaine sold to Gardner. However, Gardner, the primary witness for the prosecution, testified that he purchased drugs from Dear and he positively identified her in court. There was no evidence submitted at trial by Dear to explain an alternate source for the cocaine. As such, the judge determined that the evidence at trial did not support Dear's requested D-7 jury instruction and properly denied the request. After our review of the record, this court cannot find any evidentiary basis to support Dear's argument that the trial judge erred in failing to grant the D-7 jury instruction.
¶ 7. Further, jury instruction D-6 sufficiently covered any question as to both whether Dear was the source of the cocaine involved and whether Dear intentionally and consciously sold the cocaine to Gardner. Thus, our review of the record shows that the jury instructions read as a whole were sufficient and denial of the D-7 instruction did not constitute error by the trial court. For the foregoing reasons, we cannot find error in the decision of the trial court in refusing to allow jury instruction D-7 and we affirm the denial of Dear's motion for new trial.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.